CLD-125                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3590
_____

TRENTON JOHN TOMPKINS,
Appellant

v.

LAUREN LEIGH HACKETT, Public Defender

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-20-cv-01141)
Magistrate Judge:  Honorable Maureen P. Kelly

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 18, 2021
Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 5, 2021)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Trenton John Tompkins, proceeding in forma pauperis, appeals

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

from the District Court's dismissal of his complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm the District Court's judgment.

In September 2017, Tompkins was arrested on several charges. Defendant Lauren Hackett, a Mercer County Assistant Public Defender, was appointed to represent Tompkins. Hackett informed Tompkins that prosecutors had agreed to drop the pending charges against him if he passed a polygraph test. Tompkins alleged that one month before the polygraph test, in late September 2017, he was placed in medical isolation, assaulted by correctional officers, and forcibly drugged. While he was being held in medical isolation, in late October 2017, Tompkins' family retained private counsel for him. The Mercer County Public Defender's Office subsequently filed a motion to withdraw as counsel, which was granted. Tompkins alleged that neither Hackett nor his private counsel attended the polygraph examination in early November, and that his private counsel did not know about it.

Tompkins claimed that the initial charges against him were not withdrawn after the examination, and that the statements he made during the examination allowed prosecutors to add additional charges against him. His private counsel subsequently filed an omnibus pre-trial motion challenging the examination, but the hearing on the motion was repeatedly delayed. Tompkins claimed that his counsel negotiated a plea agreement for him in February 2019 but that delays from rescheduling the hearing added more than a year to his sentence. Tompkins subsequently wrote to Hackett to request the terms of her agreement with prosecutors about the polygraph examination. Tompkins claimed that another public

defender wrote back to say that Hackett would communicate only with Tompkins' appointed counsel in his pending post-conviction proceedings. Tompkins maintained that Hackett schemed with prosecutors to lengthen his term of incarceration.

In July 2020, Tompkins filed a complaint in the District Court alleging civil rights claims against Hackett pursuant to § 1983; he later amended his complaint. Hackett moved to dismiss Tompkins' amended complaint. After Tompkins filed a response, the District Court granted Hackett's motion and dismissed Tompkins' complaint with prejudice and without leave to amend.[1] He timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Tompkins' complaint. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Tompkins' claims against Hackett. Public defenders do not act under color of state law for purposes of § 1983 when they "perform[]

---

[1] The judgment was issued by a Magistrate Judge, proceeding with the parties' consent pursuant to 28 U.S.C. § 636(c)(1).

3

a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Tompkins alleged that Hackett negotiated with prosecutors on his behalf to drop the charges against him if he passed a polygraph examination and that her representation of him ended shortly thereafter when he retained private counsel. He did not claim that Hackett knew of his alleged mistreatment in prison or withheld information from his private counsel, who was already representing Tompkins at the time of the polygraph examination. Tompkins' allegations of conspiracy with prosecutors are conclusory; he provided no factual allegations to support them beyond his own speculation. Thus, Tompkins cannot establish that his public defender acted outside of her traditional capacity as his counsel for the limited time that she represented him.[2] Tompkins has not clarified or added to his allegations in subsequent filings in the District Court or on appeal. Under these circumstances, the District Court did not abuse its discretion in concluding that it would be futile to grant Tompkins leave to amend his complaint. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] Because we affirm the District Court's decision on this basis, we need not address the District Court's alternative grounds for dismissal.